The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF:<br><br>PJSC URALKALI FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING | No. 2:18-CV-001673 JLR<br><br>STIPULATED PROTECTIVE ORDER<br><br>[~~PROPOSED~~] |

## [~~PROPOSED~~] PROTECTIVE ORDER

WHEREAS, on October 22, 2018, Applicant PJSC Uralkali ("Applicant") filed a petition in the above-captioned action (the "Action") for an order pursuant to 28 U.S.C. § 1782 (the "Petition") allowing Applicant to serve a subpoena for documents and testimony from Respondent John E. McCaw, Jr. ("Respondent" and together with Applicant, the "Parties" and each a "Party"), for use in an action brought September 27, 2018 by Applicant against Mr. Geoffrey Rowley & Mr. Jason Baker, as administrators of Force India Formula One Team Limited (in administration), Claim No. BL-2018-002138 (High Court of Justice, Business and Property Courts of England & Wales, Business List (Ch)) (the "English Action");

WHEREAS, on January 23, 2019, this Court issued an order granting Applicant's Petition;

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 1
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

WHEREAS, Applicant is agreeing to enter into this confidentiality agreement which provides that any discovery materials obtained pursuant to this 28 U.S.C. § 1782 proceeding may be used or disclosed only in (i) this Action, (ii) the English Action, and (iii) the deposition of John Idol, in Case No. 18-mc-00459 (ER) (S.D.N.Y.) (the "Idol Deposition"), and providing other reasonable protections that Respondent may require;

WHEREAS, Applicant and Respondent believe that good cause exists for the entry of this order, which is narrowly tailored to protect Respondent's non-public, confidential, personal, proprietary, private, or commercially sensitive information for which special protection from public disclosure is warranted;

By reason of the foregoing, the Court hereby enters the following Protective Order (hereinafter, "Protective Order") in this proceeding.

1. This Protective Order shall apply to all of Respondent's documents and information that are produced or disclosed in any form by Respondent, including in any hard copy or electronic document, or in testimony given at his deposition, and all information copied or extracted from any of the above (collectively, "Discovery Materials"). Applicant, and any other person receiving any Discovery Materials, are together referred to herein as "Receiving Parties" and each a "Receiving Party."

2. No Discovery Materials may be used or disclosed by any Receiving Party, except in (i) this Action, (ii) the English Action, and (iii) the Idol Deposition.

3. Respondent may designate any Discovery Materials as "Confidential" under the terms of this Protective Order if Respondent reasonably believes in good faith that such Discovery Materials contain non-public, confidential, personal, proprietary, or commercially sensitive information that meets the requirements of Federal Rule of

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 2
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Civil Procedure 26(c) for the protections provided in this Protective Order ("Confidential Discovery Materials").

4. Discovery Materials Respondent wishes to designate as Confidential Discovery Materials shall be so designated in the following manner:

   a. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Materials; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Confidential Discovery Materials.

   b. With respect to Discovery Materials that contain Confidential Discovery Materials produced in electronic form, the same designation shall be affixed to the medium on which the Confidential Discovery Materials is provided.

   c. With respect to deposition transcripts and exhibits thereto that contain Confidential Discovery Materials, the designation shall be made (1) on the record at the deposition or (2) within thirty (30) days after the transcript becomes available to those who have ordered a copy, on written notice of the "Confidential" designation to all counsel of record for the Parties by: (i) marking the cover page of the transcript with the legend "Contains Confidential Information: Subject to Protective Order"; (ii) affixing the legend "Confidential" to each page containing any Confidential Discovery

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 3
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Materials; and (iii) providing copies of all such marked pages, at its own expense, to the other Party.

5. In the event Respondent inadvertently fails to designate Discovery Materials as "Confidential," such inadvertent failure shall not be deemed or argued to waive Applicant's right to designate such Discovery Materials "Confidential."

   a. Respondent may correct the designation by giving supplemental written notice to Applicant as soon as practicable;

   b. Within five (5) business days of written notice from Respondent, Applicant must advise all Receiving Parties that the Discovery Materials are Confidential Discovery Materials;

   c. As soon as any Receiving Party becomes aware of the inadvertent failure to designate the Discovery Materials as Confidential, the Receiving party must treat the Discovery Materials as though they had been timely designated as Confidential Discovery Materials under this Protective Order;

   d. To the extent any Receiving Party is not authorized to receive Confidential Discovery Materials, Applicant shall undertake in good faith to retrieve all copies of such Confidential Discovery Materials. If Applicant does not retrieve all Confidential Discovery Materials, it shall inform Respondent and fully cooperate with any effort by Respondent to retrieve the Confidential Discovery Materials.

6. Upon receiving Discovery Materials designated as "Confidential," Applicant shall have the right to challenge such designation by applying to the Court, on no less than five (5) business days' notice, for an order to remove such designation. Before

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 4
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

making any such application, Applicant and Respondent shall make reasonable good faith efforts to resolve any disagreement concerning the designation of the Discovery Materials in question. Pending the Court's determination of any such application, the Discovery Materials shall continue to be treated in accordance with its "Confidential" designation pursuant to the terms of this Protective Order. The lapse of time between the designation of Discovery Materials as "Confidential" and any challenge to such designation shall not be deemed or argued to waive Applicant's right to challenge the designation.

7. Confidential Discovery Materials shall be maintained in a secure manner. Unless Respondent agrees otherwise, Confidential Discovery Materials may be disclosed only to:

   a. the attorneys for Applicant and such attorneys' inside and outside support personnel who Applicant's attorneys deem necessary to assist them in this Action, the English Action, or the Idol Deposition;

   b. Applicant, to the extent deemed necessary by the Applicant's attorneys for purposes of assisting them in this Action, the English Action, or the Idol Deposition;

   c. any witness who counsel for Applicant in good faith believes may be called to testify in the English Action;

   d. professional court reporters engaged to transcribe, and professional videographers engaged to videotape, Respondent's deposition and the Idol Deposition;

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 5
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

    e. independent outside consultants, translators, or experts retained by Applicant's attorneys, to the extent deemed necessary by Applicant's attorneys for purposes of litigation of the English Action;

    f. John Idol, and his counsel, in connection with the Idol Deposition;

    g. parties in the English Action other than Applicant, subject to applicable English law and Paragraph 10 herein; and

    h. the Court hearing this Action (including the Court having jurisdiction of any appeal), Court personnel (including court reporters), the court hearing the English Action (including the court having jurisdiction of any appeal), and any personnel (including court reporters) working for the court hearing the English Action.

8. Other than those identified in Paragraph 7(h) above, each person to whom Confidential Discovery Materials are disclosed shall be informed of the terms of this Protective Order. No person referred to in Paragraphs 7(a) through (f) shall be given access to Confidential Discovery Materials until that person has certified that he/she has read this Protective Order and has manifested his/her assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A, which shall thereafter be held in escrow by Applicant's counsel, provided that persons referred to in Paragraphs 7(c) and (f) who have declined to sign the Assurance of Compliance attached hereto as Exhibit A may still be shown Confidential Discovery Materials in depositions or court proceedings, but may not retain or be given any other access to Confidential Discovery Materials. Once a person has executed such an Assurance of Compliance, it shall not be necessary for

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 6
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that person to sign a separate Assurance of Compliance each time that person is subsequently given access to Confidential Discovery Materials. Counsel or persons in a managerial position shall take appropriate steps to ensure that persons identified in Paragraph 7 within their supervision or control will maintain Confidential Discovery Materials strictly in accordance with the terms of this Protective Order.

9. Unless Respondent agrees in writing to a longer timeframe, all persons referred to in Paragraphs 7(b) through (f) who have been given access to Confidential Discovery Materials must return or destroy such Confidential Discovery Materials within five (5) business days after its use in (i) this Action, (ii) the English Action, and/or (iii) the Idol Deposition.

10. Prior to disclosing Confidential Discovery Material to the persons referred to in Paragraph 7(g), Applicants shall request that such persons read this Protective Order and sign Exhibit A hereto prior to receiving Confidential Discovery Material. In the event any such person declines such request, Applicant shall (a) give Respondent at least five (5) business days' prior written notice of the Confidential Discovery Materials it intends to disclose and the intended recipient of the disclosure, and (b) not oppose any effort by Respondent to limit use or disclosure of Confidential Discovery Materials to the English Action. If any party in the English Action reads Confidential Discovery Material to the court or Confidential Discovery Material is read by the court, or referred to, at a hearing which has been held in public, Applicant shall (i) provide notice of the disclosure to Respondent's counsel within five (5) days of the disclosure; and (ii) not oppose any effort by Respondent to

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 7
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

obtain an order prohibiting use of the Confidential Discovery Materials for any purpose other than the English Action.

11. Nothing contained in this Protective Order shall restrict or prevent Respondent from using or otherwise disclosing its own Discovery Materials in whatever way it sees fit, and such use or disclosure will not be governed by this Protective Order.

12. Pursuant to Rule 502 of the Federal Rules of Evidence, if Respondent inadvertently discloses Discovery Materials it believes to be subject to a claim of attorney-client privilege or work product immunity, Respondent may give written notice of such disclosure and request that the Receiving Parties return the Discovery Materials. Upon receipt of such notice, the Receiving Parties shall immediately return to Respondent any inadvertently disclosed Discovery Materials, including all copies, and shall destroy any notes related to the inadvertently disclosed Discovery Materials. Return of the document shall not constitute an admission or concession, or permit any inference, that the returned Discovery Materials are, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose Applicant from moving the Court for an order that such Discovery Materials should be producible for reasons other than a waiver caused by the inadvertent production.

13. Nothing contained in this Protective Order shall affect the right of Respondent to make any objection, claim any privilege, or otherwise contest any request for production of documents or question at a deposition or to seek further relief or protective orders from the Court. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 8
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

14. All Receiving Parties shall follow the Federal Rules of Civil Procedure and the applicable Local and Electronic Case Filing rules when filing Confidential Discovery Materials in this Court. Filings in this Court of Confidential Discovery Materials, or of papers reflecting the contents of Confidential Discovery Materials, shall be made under seal. Filings in the English Action of Confidential Discovery Materials, or of papers reflecting the contents of Confidential Discovery Materials, shall be made in accordance with applicable English law. All Receiving Parties shall use reasonable best efforts to ensure that the confidentiality of the Confidential Discovery Materials is maintained.

15. If any Receiving Party receives a subpoena or document request from a third party which purports to require its production of Respondent's Discovery Materials, such Receiving party shall (a) notify Respondent within five (5) business days of the receipt of said subpoena or document request; (b) object to the production of documents, absent consent of Respondent to production, to the extent permitted by applicable law; and (c) fully cooperate with any effort by Respondent to limit discovery of such material.

16. Within thirty (30) days of the conclusion of the English Action, the Receiving Parties shall (i) destroy all Discovery Materials, all copies thereof, and all summaries or other materials containing or disclosing information from the Discovery Materials, and (ii) furnish Respondent's attorneys written certification that the destruction is complete; provided, however, that outside counsel for the Receiving Parties may retain one complete and unredacted set of pleadings and papers filed or served in the English Action, trial transcripts and exhibits in the

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 9
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

English Action, and the transcript and exhibits of Respondent's deposition and the Idol Deposition. This Protective Order shall continue to be binding after the conclusion of the English Action.

17. The provisions of this Protective Order may be modified at any time by written and signed stipulation of both Applicant and Respondent as approved by Order of the Court.

**IT IS SO ORDERED.**

Dated at Seattle, Washington this 17th day of May, 2019

_____
Hon. James L. Robart
United States District Judge

STIPULATED BY:

Davis Wright Tremaine LLP
Attorneys for Respondent John E. McCaw, Jr.,

By *s/ Brad Fisher*
    Brad Fisher, WSBA #19895
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: (206) 757-8042
Fax: (206) 757-7042
E-mail: bradfisher@dwt.com
E-mail: frederickhaist@dwt.com

and

Gregory P. Joseph
Joseph Hage Aaronson LLC
485 Lexington Avenue, 30th Floor
New York, NY 10017
(212) 407-1200

PROTECTIVE ORDER (~~PROPOSED~~)
(2:18-CV-001673 JLR) — 10
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Keller Rohrback, L.L.P.
Attorneys for Applicant PJSC Uralkali

By *s/ Rob J. Crichton (via e-mail authorization)*
    Rob J. Crichton, WSBA #20471
    Eric R. Laliberte, WSBA #44840
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
E-mail: rcrichton@kellerrohrback.com

and

William H. Taft, V
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022
(212) 909-6000

PROTECTIVE ORDER (PROPOSED)
(2:18-CV-001673 JLR) — 11
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

## ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order"), dated _____ in the matter entitled: IN THE MATTER OF THE PETITION OF PJSC URALKALI FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING, Case No. 2:18-CV-001673 JLR, which currently is pending in the United States District Court for the Western District of Washington;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge, disclose, summarize, describe, characterize, or otherwise communicate the contents of any Confidential Discovery Materials to persons other than those specifically authorized by the Protective Order, and will not copy or use any Discovery Materials, except as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Western District of Washington with respect to any matter relating to the Protective Order, including enforcing the Protective Order, enjoining any violation or threatened violation of the Protective Order, or seeking damages for the breach of the Protective Order.

DATED: _____        _____

PROTECTIVE ORDER (P̶R̶O̶P̶O̶S̶E̶D̶)
(2:18-CV-001673 JLR) — 12
4819-5228-9174v.2 0028611-000088

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax